## IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF COLUMBIA

BENJAMIN WITTES                               )
SCOTT R. ANDERSON                             )
P.O. Box 33226                                )
Washington, D.C. 20033-3226                   )
                                              )
                Plaintiffs,                   )        Civil Action No. 19-1440
                                              )
        v.                                    )
                                              )
U.S. FEDERAL BUREAU OF INVESTIGATION          )
935 Pennsylvania Avenue, NW                   )
Washington, D.C. 20535                        )
                                              )
                Defendant.                    )

_____

## **COMPLAINT**

1.       Plaintiffs Benjamin Wittes and Scott R. Anderson bring this action against the

Federal Bureau of Investigations ("FBI") to compel compliance with the Freedom of Information

Act ("FOIA"). *See* 5 U.S.C. § 552. Plaintiffs allege as follows:

2.       The FBI administers an annual "climate survey" to its personnel. The anonymous

questionnaire assesses employees' views about their "work, work environment, and the FBI as a

whole."[1] In response to prior FOIA requests, the FBI has previously released the results of the

2013, 2014, 2015, 2016, 2017, and 2018 climate surveys.[2] Plaintiffs submitted a FOIA request

seeking the results of the 2019 climate survey.

3.       The 2018 survey results showed that confidence in the FBI's senior leadership

---

[1] Federal Bureau of Investigation, *FBI Field Office and Headquarters Climate Survey Results*,
https://vault.fbi.gov/FBI%20Field%20Office%20and%20Headquarters%20Climate%20Survey%
20Results.
[2] *Id.*; Scott R. Anderson and Benjamin Wittes, *Climate Change Is Real at the FBI—and Here is
the Data to Prove It*, Lawfare (July 15, 2018), https://www.lawfareblog.com/climate-change-
real-fbi-and-here-data-prove-it.

and other indicators of morale had sharply declined in the year since President Trump fired former FBI director James Comey.[3] The release of the 2018 results gained coverage by national media outlets including *The New York Times*.[4]

4.     The FBI has continued to face many challenges in the year since the last climate survey was conducted, including in the form of repeated attacks from the President and his allies. White House Press Secretary Sarah Huckabee Sanders recently admitted that she lied when, in 2017, she claimed that the White House heard from "countless members of the FBI" that they supported the President's decision to fire Mr. Comey.[5] Meanwhile, President Trump has continued to attack the integrity of the FBI and its leadership, calling them "dirty cops," "scoundrels," and "sleaze."[6] On Twitter, the President has accused FBI personnel of disseminating false information, abusing surveillance authorities, and engaging in a vendetta against the President.

---

[3] Anderson and Wittes, *supra* note 2.

[4] Matt Apuzzo, *F.B.I. Confidence in Leadership Fell in Year After Comey's Firing*, N.Y. Times (July 15, 2018), https://www.nytimes.com/2018/07/15/us/politics/fbi-confidence-wray-comey-trump-survey.html.

[5]  John Haltiwanger, *Sarah Huckabee Sanders Admitted She Made up a Claim That FBI Agents Lost Faith in Comey, According to the Mueller Report*, Business Insider (Apr. 18, 2019), https://www.businessinsider.com/mueller-report-sarah-huckabee-sanders-made-unfounded-remarks-on-comey-2019-4.

[6] *Remarks by President Trump at the 2019 Conservative Political Action Conference*, (Mar. 3, 2019), https://www.whitehouse.gov/briefings-statements/remarks-president-trump-2019-conservative-political-action-conference/; *Remarks by President Trump Before Marine One Departure*, (Jan. 15, 2019), https://www.whitehouse.gov/briefings-statements/remarks-president-trump-marine-one-departure-31/.



Donald J. Trump (@realDonaldTrump), Twitter (May 24, 2018, 5:34 AM),

https://twitter.com/realdonaldtrump/status/999629710370983937?lang=en.



Donald J. Trump (@realDonaldTrump), Twitter (Aug. 11, 2018, 6:18 AM),

https://twitter.com/realdonaldtrump/status/1028269328246947840?lang=en.



Donald J. Trump (@realDonaldTrump), Twitter (Aug. 25, 2018, 6:05 AM),

https://twitter.com/realdonaldtrump/status/1033339636343549952?lang=en.



Donald J. Trump (@realDonaldTrump), Twitter (Jan. 15, 2019, 3:58 AM),

https://twitter.com/realdonaldtrump/status/1085144283437506560?lang=en.

     5.     Plaintiffs seek to understand and explain to the public how these actions may have

affected FBI morale, confidence in FBI leadership, and other issues covered by the climate

survey.

     6.     Plaintiffs submitted a FOIA request seeking the 2019 survey results because this

data should provide up-to-date information on how FBI morale has changed over the past year. But despite the Bureau's prior willingness to publicly release the results of the climate surveys, the Bureau has not released the most recent results. Plaintiffs ask the Court to order the FBI to release these documents, to which they are entitled under FOIA.

## JURISDICTION AND VENUE

7.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

8.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

9.      Plaintiff Benjamin Wittes is the editor-in-chief of *Lawfare*, an online publication published by The Lawfare Institute, a 501(c)(3) not-for-profit educational organization. *Lawfare* is dedicated to informing public understanding on operations and activities of the government.

10.     Plaintiff Scott R. Anderson is a senior editor of *Lawfare*.

11.     Plaintiffs intend to give the public access to the documents obtained through this FOIA request and provide information about and analysis of the documents as appropriate on *Lawfare*'s website (www.lawfareblog.com). After receiving the 2018 climate survey through an identical FOIA request last year, Plaintiffs immediately made the documents available online and provided an accompanying analysis.[7]

12.     Defendant Federal Bureau of Investigation is an agency of the executive branch of the federal government of the United States. Defendant is headquartered at 935 Pennsylvania Ave. NW, Washington, DC 20535. Defendant has possession, custody, and control of the

---

[7] Anderson and Wittes, *supra* note 2.

documents that Plaintiffs seek.

## **STATEMENT OF FACTS**

13.     On April 4, 2019, Plaintiffs sent a FOIA request to defendant seeking the

following records:

> Any documents reflecting the results of Federal Bureau of Investigation (FBI) Field
> Office and Headquarters Climate Survey for 2019.

The request further specified:

> We understand that this survey is generally administered between February and March of
> each year. You have disclosed the results of prior climate surveys at https://vault.fbi.gov/.
> We are requesting the same types of documents for the 2019 survey.

*See* Exhibit A (FOIA request).

14.     Plaintiffs requested a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) or 5

U.S.C. § 552(a)(4)(A)(ii)(II). *Id.*

15.     Plaintiffs requested expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E)

and 28 C.F.R. § 16.5(e). *Id.* Plaintiffs' request was narrowly tailored to make it easy for the FBI

to respond to it in an expedited fashion.

16.     Plaintiffs' request was submitted through defendant's Electronic FOIA website.

On the same day that the request was submitted, Plaintiffs received an email from defendant

acknowledging receipt of the request. *Id.*

17.     Defendant acknowledged receipt of Plaintiffs' request and informed them that it

had been assigned FOIPA Request No. 1433883-000 in a letter dated April 16, 2019. *See* Exhibit

B (April 16 Letter). The letter also indicated that Plaintiffs' request for a fee waiver was under

consideration.

18.     Defendant later denied Plaintiffs' request for expedited processing in a letter

dated April 18, 2019, on the grounds that Plaintiffs "ha[d] not provided enough information concerning the statutory requirements for expedition[.]" *See* Exhibit C (April 18 Letter on Expedited Processing).

19.     In a separate letter also dated April 18, 2019, Defendant advised Plaintiffs that "unusual circumstances" as defined in 5 U.S.C. § 552(a)(6)(B)(iii) would prevent the Defendant from making a determination on Plaintiffs' request within 20 days. *See* Exhibit D (April 18 Letter on 'Unusual Circumstances').  While defendants initially invited Plaintiffs "to reduce the scope of [their] request[,]" *id*., they subsequently explained that "[u]nusual circumstances have been applied to this request as there is a need to reach out to other offices in order to collect the records cited," but "[t]he FBI's FOIPA Program does not need you to narrow the scope of your request."  *See* Exhibit E (May 9 Email on Unusual Circumstances).  Defendants did not articulate an alternate timeframe for responding to Plaintiffs' request.

20.     Pursuant to FOIA, when an agency identifies "unusual circumstances," it has 30 working days—rather than 20—to reach a determination about a FOIA request.  5 U.S.C. § 552(a)(6)(A)(i), (a)(6)(B)(i).  For this case, that was May 16, 2019.  If the agency has not issued its determination within 30 days, the requester may bring suit directly in federal district court.

21.     To date, Defendant has failed to make the determination and notifications required by 5 U.S.C. § 552(a)(6)(A)(i). Nor has defendant made a determination regarding Plaintiffs' request for a fee waiver.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

22.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

23.     Defendant is in violation of FOIA by failing to respond to Plaintiffs' request within the statutorily prescribed time limit and by unlawfully withholding records responsive to Plaintiffs' request.

## **PRAYER FOR RELIEF**

Plaintiffs respectfully request that the Court:

(1) Order Defendant, by a date certain, to conduct a search that is reasonably likely to lead to the discovery of any and all records responsive to Plaintiffs' request;

(2) Order Defendant, by a date certain, to demonstrate that it has conducted an adequate search;

(3) Order Defendant, by a date certain, to produce to Plaintiffs any and all non-exempt records or portions of records responsive to Plaintiffs' request, as well as a *Vaughn* index of any records or portions of records withheld due to a claim of exemption;

(4) Enjoin Defendant from improperly withholding records responsive to Plaintiffs' request;

(5) Order Defendant to grant Plaintiffs' request for a fee waiver;

(6) Grant Plaintiffs an award of attorney fees and other reasonable litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E);

(7) Order Defendant to grant Plaintiffs' request for expedited processing of their request;

(8) Grant Plaintiffs such other relief as the Court deems appropriate.


Respectfully submitted,

Date: May 17, 2019                    */s/ Ben Berwick*
                                      BEN BERWICK (Bar No. MA0004)
                                      Ben.Berwick@protectdemocracy.org

The Protect Democracy Project, Inc.
125 Walnut St, Suite 202
Watertown, MA 02472
Phone: 202-579-4582
Fax: 929-777-8428

*Counsel for Plaintiffs*